**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**(1) SOUTHWEST LTC – LAWTON, LLC d/b/a WILLOW PARK HEALTHCARE CENTER, and**<br><br>**(2) SOUTHWEST LTC – MANAGEMENT SERVICES, LLC,**<br><br>**Defendants.** | ) | **CIV-26-**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

This is an action under Title I of the Americans with Disabilities Act, as amended, (ADA) and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Hollie Vissepo, who was adversely affected by such practices. As alleged with greater particularity below, Defendants Southwest LTC – Lawton, LLC d/b/a Willow Park Healthcare Center and Southwest LTC – Management Services, LLC, violated the ADA by failing to make reasonable accommodations to Vissepo's disability-related physical limitations; subjecting Vissepo to a hostile work environment because of her disability; coercing, intimidating, threatening, or otherwise interfering with Vissepo in the exercise or enjoyment of her rights under the ADA; and by terminating her employment on the basis of disability and in retaliation for her requests for reasonable accommodation.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in this Court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Southwest LTC – Lawton, LLC d/b/a Willow Park Healthcare Center, a for-profit foreign limited liability company, has continuously been doing business in the State of Oklahoma and the City of Lawton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Southwest LTC – Lawton, LLC d/b/a Willow Park Healthcare Center has continuously been an employer engaged in industry

affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendant Southwest LTC – Lawton, LLC d/b/a Willow Park Healthcare Center has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant Southwest LTC – Management Services, LLC, a for-profit foreign limited liability company, has continuously been doing business in the State of Oklahoma and the City of Lawton, and has continuously had at least 15 employees.

8. At all relevant times, Defendant Southwest LTC – Management Services, LLC has continuously been an employer engaged in industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

9. At all relevant times, Southwest LTC – Management Services, LLC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. At all relevant times, Defendants have operated as a single employer or integrated enterprise and share a clear identity of interest because they have interrelated operations, common management, centralized control of labor relations, and common ownership and financial control.

## ADMINISTRATIVE PROCEDURES

11. More than thirty days prior to the institution of this lawsuit, Hollie Vissepo timely filed a charge of discrimination, Charge No. 564-2024-01914, with the Commission. The charge alleged violations of the ADA by Defendants.

12. The Commission provided Defendants with timely notice of the charge.

13. On February 24, 2026, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants violated the ADA.

14. The Commission invited Defendants to join with it in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

15. The Commission engaged in communications with Defendants to provide an opportunity to remedy the discriminatory practices described in the Letter of Determination.

16. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

17. On or about June 23, 2026, the Commission issued Notice of Failure of Conciliation to Defendants.

18. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

19. Defendant Southwest LTC – Management Services, LLC manages and operates several skilled nursing, rehabilitation, and assisted living facilities across Texas and Oklahoma, including a long-term care facility in Lawton, Oklahoma called Willow Park Healthcare Center, incorporated as Southwest LTC – Lawton, LLC.

20. Defendants share common management and ownership.

21. During the relevant time period, Willow Park Healthcare Center's facility administrator reported to Defendant Southwest LTC – Management Services' Regional Vice President of Operations.

22. Willow Park Healthcare Center hired Hollie Vissepo as a licensed vocational nurse (LVN) on or about August 30, 2023.

23. As an LVN, Vissepo reported to assistant director of nursing Debbie Hargrove and director of nursing Dianna Revilla.

24. Revilla reported to the Willow Park Healthcare Center facility administrator.

25. Vissepo suffers from disabling physical impairments in her spine and back. Since in or around 2021, Vissepo has suffered from severe osteoporosis, a ruptured disc, pinched nerves, a spinal fluid leak, and related conditions. These impairments substantially limit the operation of Vissepo's musculoskeletal system and major life activities, including walking, standing, lifting and sitting.

26. In December 2023, Vissepo underwent a right sacroiliac joint fusion surgery.

27. Willow Park Healthcare Center permitted Vissepo to take leave from December 22, 2023, to January 5, 2024, for the surgery and to recover.

28. Willow Park Healthcare Center assigned other LVN's to cover Vissepo's LVN shifts during her medical leave.

29. In January 2024, after she returned from her medical leave, Willow Park Healthcare Center promoted Vissepo to wound care nurse reporting directly to Revilla.

30. Thereafter, Vissepo learned she required a second surgery.

31. Vissepo informed both Hargrove and Revilla about her need for another surgery and time off.

32. After learning that Vissepo needed a second surgery and time off, Hargrove and Revilla began subjecting Vissepo to harassing conduct, including:

a. Taking Vissepo's office away, claiming they needed it for storage, even though prior wound care nurses had offices to perform job duties such as charting patient records;
b. Revilla scheduling Vissepo in excess of 50 hours per week and threatening Vissepo with discipline if she did not work as scheduled;
c. Hargrove physically assaulting Vissepo by hitting her with a door in a patient's room with knowledge of Vissepo's disability and while the patient and Revilla were present;
d. Revilla yelling at Vissepo in front of other staff and calling Vissepo an idiot, incompetent, and entitled;
e. Hargrove yelling at Vissepo and becoming aggressive toward her, including raising her voice and putting her hands in Vissepo's face;
f. On more than one occasion, Revilla threatening to "take" Vissepo's nursing license and kick her out of the facility; and
g. On or about March 21, 2024, Revilla and Hargrove issuing Vissepo a written warning that falsely claimed Vissepo improperly refused to sign

a transfer of care for a resident returning from the hospital, which was the responsibility of the charge nurse on duty, not Vissepo.

33. Hargrove also discouraged Vissepo from taking more time off and would ask her, “Can you even afford financially to take off? You just got back.”

34. Vissepo felt that Revilla and Hargrove’s harassment, intimidation, abuse, and bullying were an attempt to force her to quit before her second surgery.

35. Vissepo reported the harassment to Autumn Sinning, the human resources representative at Willow Park Healthcare Center. Sinning gave Vissepo a hotline number to call but took no further action based on Vissepo’s complaint.

36. Upon information and belief, the hotline number Sinning gave Vissepo was connected to corporate human resources at Southwest LTC – Management Services, LLC.

37. On April 9, 2024, Vissepo submitted a form formally requesting medical leave for a total of 96 hours from April 18, 2024, through May 6, 2024, for surgery and recovery. Elizabeth Womack, Willow Park Healthcare Center’s staffing / scheduling coordinator, signed the form, indicating that Vissepo’s leave request was approved.

38. On April 17, 2024, her last day of work before her April 18 surgery, Vissepo talked to Revilla about the wound care cart being stocked and other logistics that would need to be handled while Vissepo was on leave. Revilla did not say anything to suggest that Vissepo’s leave had not been approved, and she did not ask Vissepo to turn in her keys or badge before her leave.

39. Also on that day, Vissepo gave Sinning a four-page typed narrative detailing "the abuse and bullying I have endured from management at the Willow Park facility."

40. On April 18, 2024, while in the hospital for surgery, Vissepo received calls and texts from Revilla, Sinning, and two other Willow Park Healthcare Center employees telling her that she needed to return her keys to the wound care cart even though Willow Park had a second set of keys to the cart. When she was out of surgery and able to respond to messages, Vissepo replied that she would not be able to travel to Lawton from the hospital in Oklahoma City to return the keys until she recovered and was released to drive. Nonetheless, Willow Park staff continued reaching out to Vissepo and insisted that she return the keys.

41. On April 21, 2024, Willow Park called Vissepo and told her that she was discharged because they could not hold her position open for two weeks until her anticipated return date.

42. Willow Park did not hire Vissepo's replacement until August 26, 2024, almost three months after Vissepo was medically released to return to work as of May 31, 2024.

## STATEMENT OF CLAIMS

### COUNT I

### (ADA – Failure to Accommodate)

43. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

44. Vissepo is a qualified individual with a disability as defined in the ADA because she suffers from disabling physical impairments in her spine and back, including severe osteoporosis, a ruptured disc, pinched nerves, and a spinal fluid leak which substantially limit one or more major life activities and the operation of one or more bodily systems and organs.

45. Defendants were aware that Vissepo suffered from disabling physical impairments.

46. Vissepo is and was qualified and able, with or without reasonable accommodation, to perform the essential functions of the wound care nurse at Willow Park Healthcare Center.

47. Vissepo sought reasonable accommodation when she requested leave for surgery in April 2024.

48. Defendants engaged in unlawful employment practices in violation of Section 102(a) and (b)(5)(A),(B) of Title I of the ADA, 42 U.S.C. §12112(a) and (b)(5)(A),(B), by refusing to provide reasonable accommodation for Vissepo's known physical limitations.

49. Providing Vissepo with leave as a reasonable accommodation would have enabled Vissepo to continue her employment and would not have imposed an undue hardship on the operation of Defendants' business.

50. Defendants' unlawful employment practices were intentional.

51. The effect of the practices complained of herein has been to deprive Vissepo of equal employment opportunities because of her disability.

52. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Vissepo has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

53. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Vissepo.

**COUNT II**

**(ADA – Discriminatory Discharge)**

54. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

55. Defendants engaged in unlawful employment practices in violation of Section 102(a) and (b)(5) of Title I of the ADA, 42 U.S.C. §12112(a) and (b)(5), by terminating Vissepo's employment because of her disability.

56. Defendants' unlawful employment practices were intentional.

57. The effect of the practices complained of herein has been to deprive Vissepo of equal employment opportunities because of her disability.

58. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Vissepo has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

59. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Vissepo.

**COUNT III**

**(ADA – Harassment)**

60. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

61. Defendants engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a), when their managers subjected Vissepo to a hostile work environment because of her disability.

62. Defendants' unlawful employment practices were intentional.

63. The effect of the practices complained of herein has been to deprive Vissepo of equal employment opportunities and otherwise adversely affected her status as an employee because of her disability.

64. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Vissepo suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

65. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Vissepo.

**COUNT IV**

**(ADA – Coerce, Intimidate, Threaten, Interfere)**

66. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

67. Defendants engaged in unlawful employment practices in violation of Section 503(b) of Title V of the ADA, 42 U.S.C. §12203(b), by coercing, intimidating, threatening, and interfering with Vissepo in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights granted or protected by the ADA.

68. Specifically, Willow Park Healthcare Center managers subjected Vissepo to coercing, intimidating, and threatening conduct because of her need for surgery related to her disabling physical impairments and because she sought leave as a reasonable accommodation, and Defendant interfered with Vissepo’s attempts to exercise or enjoy rights granted or protected by the ADA.

69. Defendants’ unlawful employment practices were intentional.

70. The effect of the practices complained of herein has been to deprive Vissepo of equal employment opportunities because of her disability.

71. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Vissepo has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

72. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Vissepo.

**COUNT V**

**(ADA – Retaliation)**

73. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

74. Vissepo engaged in activity protected by Section 503 of Title V of the ADA, 42 U.S.C. § 12203, including when she sought leave as a reasonable accommodation.

75. Defendants engaged in unlawful employment practices in violation of Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a), by subjecting Vissepo to materially adverse actions, including harassment and termination, because she engaged in such protected activity.

76. Defendants' unlawful employment practices were intentional.

77. The effect of the practices complained of herein has been to deprive Vissepo of equal employment opportunities because of her disability.

78. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Vissepo has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

79. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or reckless indifference to the federally protected rights of Vissepo.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to accommodate, harassing, coercing, intimidating, threatening, interfering with, discharging, and retaliating against a qualified individual with a disability because of his or her disability or because he or she needs a reasonable accommodation to perform the duties of his or her position.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Hollie Vissepo by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to rightful place instatement of Vissepo or front pay in lieu of instatement.

D. Order Defendants to make whole Hollie Vissepo by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendants to make whole Hollie Vissepo by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, humiliation, embarrassment, loss of self-esteem, anxiety, stress, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendants to pay Hollie Vissepo punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
Deputy General Counsel

s/ Andrea G. Baran
ANDREA G. BARAN, MO Bar #46520
Regional Attorney

Equal Employment Opportunity
Commission
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
(314) 798-1914
andrea.baran@eeoc.gov

s/ Joshua C. Stockton
JOSHUA C. STOCKTON, OK Bar #21833
Senior Trial Attorney
LAUREN W. JOHNSTON, OK Bar #22341
Assistant Regional Attorney
Equal Employment Opportunity
Commission
Oklahoma City Area Office
215 Dean A. McGee Ave., Ste. 524
Oklahoma City, OK 73102
Stockton Phone: (405) 666-0387
joshua.stockton@eeoc.gov
Johnston Phone: (405) 666-0379
lauren.johnston@eeoc.gov

**ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**